## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT SOUTHERN DIVISION

MICHAEL MICHALSKI,

      Plaintiff,                                Case No.

v.                                             Hon.


TROOPER SONSTROM, DETECTIVE CATES,
OFFICER JOHN DOE 1, OFFICER JOHN DOE 2,
OFFICER JOHN DOE 3, in their individual and
official capacities, and CITY OF TAYLOR,
jointly and severally,

      Defendants.

---

S. JAY AHMAD (P43206)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC**
Attorneys for Plaintiffs
Buhl Building
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
(313) 324-8301-Fax
jahmad@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending civil action arising
out of the transaction or occurrence alleged in this Complaint.

/s/ S. Jay Ahmad_____
S. JAY AHMAD (P43206)

NOW COMES Plaintiff, MICHAEL MICHALSKI, by and through his attorneys,

JOHNSON LAW, PLC, and for his Complaint against the Defendants named herein, states as

follows:

1.     At all times relevant to this lawsuit, Plaintiff, MICHAEL MICHALSKI ("Michael"), resided in the City of Taylor, County of Wayne, State of Michigan.

2.     At all times relevant to this lawsuit, Defendant City of Taylor ("City of Taylor") was and is a Municipal Corporation, duly organized and carrying on governmental functions including City of Taylor Police Department ("TPD"), in the City of Taylor, County of Wayne, State of Michigan.

3.     At all times relevant to this lawsuit, Trooper Sonstrom ("Sonstrom"), was an employee of the State of Michigan via its state police department and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

4.     At all times relevant to this lawsuit, Detective Cates ("Cates"), was an employee of the TPD and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

5.     At all times relevant to this lawsuit, Officer John Doe 1 ("John Doe 1"), was an employee of TPD and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

6.     At all times relevant to this lawsuit, Officer John Doe 2 ("John Doe 2"), was an employee of TPD and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

7.     At all times relevant to this lawsuit, Officer John Doe 3 ("John Doe 3"), was an employee of TPD and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and official capacities.

8.     The amount in controversy exceeds $75,000, exclusive of costs, interest and

attorney fees and jurisdiction is otherwise proper in this Court, due to defendants' deprivation of Michael's civil rights and liberties under the 4th, 8th and 14th Amendments to the United States Constitution, as well as 42 USC §1983.

9.    On Wednesday, June 10, 2015 at approximately 9:30 p.m., Michael was parked in his vehicle in a Target store parking lot.

10.    Michael was in the front driver seat.

11.    Trooper Sonstrom of the Michigan State Police Department was in his vehicle and approached the vehicle that Michael was sitting, at the Target parking lot.

12.    Sonstrom and Cates then approached Michael with their guns drawn and pointed at Michael.

13.     Sonstrom then yelled "get your fucking hands out the window".

14.    Michael then visibly put both of his hands up in the air.

15.     Sonstrom then opened the driver side door and grabbed Michael's arm and forcibly pulled him out of his vehicle to the parking lot pavement.

16.    Sonstrom then started hitting Michael while yelling at him to "give me your fucking hands".

17.    As Michael was laying on the ground he stated "I got my hands right here", whereupon Sonstrom then hit Michael's upper legs with a"knee strike" and then struck him again on his neck with his open left hand in an attempt to give Michael a "brachial stun".  Sonstrom struck Michael with his fists or hands several times while Michael said "I'm sorry".

18.    Michael laid there and cried out in pain, while Sonstrom continued to verbally abuse him and say "give me your fucking hands, motherfucker".

19.    Sonstrom then drew his taser weapon and deployed it striking Michael in his lower back area, who again cried out in pain.

20.    As Sonstrom was tasering Michael, Cates and Officer John Doe 1, Officer John Doe 2, and Officer John Doe 3, also held Michael down and grabbed his arms in an attempt to handcuff him.

21.    One of the other Defendants yelled at Michael "hands out, hands out".

22.    One of the other Defendants then yelled at Michael to "lie on your fucking back".

23.    Michael was unnecessarily restrained and handcuffed by Defendants Cates, John Doe 1, John Doe 2, and John Doe 3.

24.    As a result of the assault and battery by all the Defendant Officers and Trooper Sonstrom, Michael suffered severe and seriously injuries, including a left skull base fracture, multiple facial fractures, facial lacerations, and swelling and contusions of the head and body.

## COUNT I: FEDERAL LAW CLAIMS – EXCESSIVE FORCE-PURSUANT TO 42 USC §1983 AND/OR 4th, 8th AND/OR 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION-TROOPER S. SONSTROM

25.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26.    Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Sonstrom owed Michael the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of and/or excessive force.

27.    Any reasonable police officer in Sonstrom's position at the time of this

incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

28.    Sonstrom breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael, and these actions maliciously done for the purpose of using excessive force on Michael, and thus breached the above duties in a number of ways, including but not limited to:

a.    Inappropriate, excessive, and inexcusable use of force, via his hands, knees and use of a taser;

b.    Deploying the use of his hands to forcefully grab Michael and pull him out of his vehicle, who held his hands up visibly in the air and posed no immediate danger to the officers or to the general public and was otherwise fully complying with the officer's orders;

c.    Continued use of his hands and knees hitting Michael's upper legs with a"knee strike" and then striking him again on his neck with his open left hand in an attempt to give Michael a "brachial stun", when such force was absolutely unnecessary;

d.    All other breaches as learned through the course of discovery.

29.    The above actions were perpetrated against Michael against his will and without his consent.

30.    Prior to these events, TPD, knew or had reason to know of Sonstrom's violent propensities and his willingness to engage in the use of unnecessary and

unreasonable force.

31.     Irrespective of that knowledge, TPD, placed Sonstrom in a position where these events could, and in fact did, transpire.

32.     As a direct and proximate result of the above assault and battery committed by Sonstrom on Michael, Michael sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

      a.      Reasonable medical and hospital expenses;

      b.      Conscious physical pain and suffering;

      c.      Fright and shock;

      d.      Denial of social pleasure and enjoyments;

      e.      Embarrassment, humiliation or mortification;

      f.      Loss of financial support;

      d.      Loss of services;

      e.      Wage loss past and future;

      f.      Punitive damages; and

      g.      Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in his favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest and attorney fees so wrongfully incurred.

**COUNT II: FEDERAL LAW CLAIMS – EXCESSIVE FORCE-PURSUANT TO 42 USC §1983 AND/OR 4th, 8th AND/OR 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION-DETECTIVE CATES**

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34.     Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Cates owed Michael the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of and/or excessive force.

35.     Any reasonable police officer in Cates' position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

36.     Cates breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael, and these actions maliciously done for the purpose of using excessive force on Michael, and thus breached the above duties in a number of ways, including but not limited to:

a.     Inappropriate, excessive, and inexcusable use of force, via his hands, knees and use of a taser;

b.     Deploying the use of his hands to forcefully grab Michael and pull him out of his vehicle, who held his hands up visibly in the air and posed no immediate danger to the officers or to the general public and was otherwise fully complying with the officer's orders;

c.     Continued use of his hands when Cates willfully and intentionally assaulted and participated in the assault of Michael against his will by an object put

7

in motion by Sonstrom, namely, his hands, knee and taser, when such force was absolutely unnecessary;

    d.    All other breaches as learned through the course of discovery.

37.    The above actions were perpetrated against Michael against his will and without his consent.

38.    Prior to these events, TPD, knew or had reason to know of Cates' violent propensities and his willingness to engage in the use of unnecessary and unreasonable force.

39.    Irrespective of that knowledge, TPD, placed Cates in a position where these events could, and in fact did, transpire.

40.    As a direct and proximate result of the above assault and battery committed by Cates on Michael, Michael sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

    a.    Reasonable medical and hospital expenses;

    b.    Conscious physical pain and suffering;

    c.    Fright and shock;

    d.    Denial of social pleasure and enjoyments;

    e.    Embarrassment, humiliation or mortification;

    f.    Loss of financial support;

    d.    Loss of services;

    e.    Wage loss past and future;

    f.    Punitive damages; and

    g.    Any and all other damages learned through the course of discovery

and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in his favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest and attorney fees so wrongfully incurred.

### COUNT III: FEDERAL LAW CLAIMS – EXCESSIVE FORCE-PURSUANT TO 42 USC §1983 AND/OR 4th, 8th AND/OR 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION-OFFICER JOHN DOE 1

41.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42.     Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Officer John Doe 1 owed Michael the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of and/or excessive force.

43.     Any reasonable police officer in Officer John Doe 1's position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

44.     Officer John Doe 1 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael, and these actions maliciously done for the purpose of using excessive force on Michael, and thus breached the above duties in a number of ways, including but not limited to:

a.     Inappropriate, excessive, and inexcusable use of force, via his hands, knees

and use of a taser;

b.    Deploying the use of his hands to forcefully grab Michael and pull him out of his vehicle, who held his hands up visibly in the air and posed no immediate danger to the officers or to the general public and was otherwise fully complying with the officer's orders;

c.    Continued use of his hands when Officer John Doe 1 willfully and intentionally assaulted and participated in the assault of Michael against his will by an object put in motion by Sonstrom, namely, his hands, knee and taser, when such force was absolutely unnecessary;

d.    All other breaches as learned through the course of discovery.

45.    The above actions were perpetrated against Michael against his will and without his consent.

46.    Prior to these events, TPD, knew or had reason to know of Officer John Doe 1's violent propensities and his willingness to engage in the use of unnecessary and unreasonable force.

47.    Irrespective of that knowledge, TPD, placed Officer John Doe 1 in a position where these events could, and in fact did, transpire.

48.    As a direct and proximate result of the above assault and battery committed by Officer John Doe 1 on Michael, Michael sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

a.    Reasonable medical and hospital expenses;

b.    Conscious physical pain and suffering;

c.    Fright and shock;

      d.      Denial of social pleasure and enjoyments;

      e.      Embarrassment, humiliation or mortification;

      f.      Loss of financial support;

      d.      Loss of services;

      e.      Wage loss past and future;

      f.      Punitive damages; and

      g.      Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in his favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest and attorney fees so wrongfully incurred.

## COUNT IV: FEDERAL LAW CLAIMS – EXCESSIVE FORCE-PURSUANT TO 42 USC §1983 AND/OR 4th, 8th AND/OR 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION-OFFICER JOHN DOE 2

49.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50.    Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Officer John Doe 2 owed Michael the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of and/or excessive force.

51.    Any reasonable police officer in Officer John Doe 2's position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

52.     Officer John Doe 2 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael, and these actions maliciously done for the purpose of using excessive force on Michael, and thus breached the above duties in a number of ways, including but not limited to:

    a.     Inappropriate, excessive, and inexcusable use of force, via his hands, knees and use of a taser;

    b.     Deploying the use of his hands to forcefully grab Michael and pull him out of his vehicle, who held his hands up visibly in the air and posed no immediate danger to the officers or to the general public and was otherwise fully complying with the officer's orders;

    c.     Continued use of his hands when Officer John Doe 2 willfully and intentionally assaulted and participated in the assault of Michael against his will by an object put in motion by Sonstrom, namely, his hands, knee and taser, when such force was absolutely unnecessary;

    d.     All other breaches as learned through the course of discovery.

53.     The above actions were perpetrated against Michael against his will and without his consent.

54.     Prior to these events, TPD, knew or had reason to know of Officer John Doe 2's violent propensities and his willingness to engage in the use of unnecessary and unreasonable force.

55.      Irrespective of that knowledge, TPD, placed Officer John Doe 2 in a

position where these events could, and in fact did, transpire.

56.     As a direct and proximate result of the above assault and battery committed by Officer John Doe 2 on Michael, Michael sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

     a.    Reasonable medical and hospital expenses;

     b.    Conscious physical pain and suffering;

     c.    Fright and shock;

     d.    Denial of social pleasure and enjoyments;

     e.    Embarrassment, humiliation or mortification;

     f.    Loss of financial support;

     d.    Loss of services;

     e.    Wage loss past and future;

     f.    Punitive damages; and

     g.    Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in his favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest and attorney fees so wrongfully incurred.

## COUNT V: FEDERAL LAW CLAIMS – EXCESSIVE FORCE-PURSUANT TO 42 USC §1983 AND/OR 4th, 8th AND/OR 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION-OFFICER JOHN DOE 3

57.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 56 as though fully set forth herein.

58.     Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Officer John Doe 3 owed Michael the duty to act prudently and with reasonable care, and otherwise to avoid unnecessary and illegal use of and/or excessive force.

59.     Any reasonable police officer in Officer John Doe 3's position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary and excessive under the same or similar conditions that existed in this case.

60.     Officer John Doe 3 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael, and these actions maliciously done for the purpose of using excessive force on Michael, and thus breached the above duties in a number of ways, including but not limited to:

a.   Inappropriate, excessive, and inexcusable use of force, via his hands, knees and use of a taser;

b.   Deploying the use of his hands to forcefully grab Michael and pull him out of his vehicle, who held his hands up visibly in the air and posed no immediate danger to the officers or to the general public and was otherwise fully complying with the officer's orders;

c.   Continued use of his hands when Officer John Doe 3 willfully and intentionally assaulted and participated in the assault of Michael against his will by an object put in motion by Sonstrom, namely, his hands, knee and taser, when such force was absolutely unnecessary;

      d.     All other breaches as learned through the course of discovery.

61.    The above actions were perpetrated against Michael against his will and without his consent.

62.    Prior to these events, TPD, knew or had reason to know of Officer John Doe 3's violent propensities and his willingness to engage in the use of unnecessary and unreasonable force.

63.    Irrespective of that knowledge, TPD, placed Officer John Doe 3 in a position where these events could, and in fact did, transpire.

64.    As a direct and proximate result of the above assault and battery committed by Officer John Doe 3 on Michael, Michael sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

      a.     Reasonable medical and hospital expenses;

      b.     Conscious physical pain and suffering;

      c.     Fright and shock;

      d.     Denial of social pleasure and enjoyments;

      e.     Embarrassment, humiliation or mortification;

      f.     Loss of financial support;

      d.     Loss of services;

      e.     Wage loss past and future;

      f.     Punitive damages; and

      g.     Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable

Court enter Judgement in his favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest and attorney fees so wrongfully incurred.

## COUNT VI: STATE LAW CLAIMS-GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY-SONSTROM

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

66.     Sonstrom owed Michael a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

67.     Sonstrom breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael and thus breached the above duties in a number of ways, including but not limited to:

a.     Inappropriate, excessive, and inexcusable use of force, via use of his hands, knees and use of a taser, for a "buy-bust" operation;

b.     Failure to warn Michael of the use of force;

c.     Failure to use other methods of detainment, arrest, and/or apprehension, short of force including, but not limited to allowing Michael to exit his car, while he had clearly shown his hands over his head, posed no immediate danger to the officers or to the general public, and was otherwise fully complying with the officers' orders and,

d.     Any and all additional acts of gross negligence and/or willful and wanton misconduct as may become known through the course of discovery.

68.     As the direct and proximate results of Sonstrom's above cited gross

negligence and/or willful and wanton misconduct, Michael sustained severe and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

      a.      Reasonable medical and hospital expenses;

      b.      Conscious physical pain and suffering;

      c.      Fright and shock;

      d.      Denial of social pleasure and enjoyments;

      e.      Embarrassment, humiliation or mortification;

      f.      Loss of financial support;

      d.      Loss of services;

      e.      Wage loss past and future;

      f.      Punitive damages; and

      g.      Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in in excess of $75,000, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT VII: STATE LAW CLAIMS-GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY-CATES

69.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 68 as though fully set forth herein.

70.    Cates owed Michael a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

17

71.     Cates breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael and thus breached the above duties in a number of ways, including but not limited to:

a.     Inappropriate, excessive, and inexcusable use of force, via use of his hands, knees and use of a taser, for a "buy-bust" operation;

b.     Failure to warn Michael of the use of force;

c.     Failure to use other methods of detainment, arrest, and/or apprehension, short of force including, but not limited to allowing Michael to exit his car, while he had clearly shown his hands over his head, posed no immediate danger to the officers or to the general public, and was otherwise fully complying with the officers' orders and,

d.     Any and all additional acts of gross negligence and/or willful and wanton misconduct as may become known through the course of discovery.

72.     As the direct and proximate results of Cates' above cited gross negligence and/or willful and wanton misconduct, Michael sustained severe and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

a.     Reasonable medical and hospital expenses;

b.     Conscious physical pain and suffering;

c.     Fright and shock;

d.     Denial of social pleasure and enjoyments;

e.     Embarrassment, humiliation or mortification;

f.     Loss of financial support;

d.     Loss of services;

e.     Wage loss past and future;

      f.      Punitive damages; and

      g.      Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in in excess of $75,000, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages.

### COUNT VIII: STATE LAW CLAIMS-GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY-OFFICER JOHN DOE 1

73.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72 as though fully set forth herein.

74.    Officer John Doe 1 owed Michael a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

75.    Officer John Doe 1 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael and thus breached the above duties in a number of ways, including but not limited to:

    a.    Inappropriate, excessive, and inexcusable use of force, via use of his hands, knees and use of a taser, for a "buy-bust" operation;

    b.    Failure to warn Michael of the use of force;

    c.    Failure to use other methods of detainment, arrest, and/or apprehension, short of force including, but not limited to allowing Michael to exit his car, while he had clearly shown his hands over his head, posed no

immediate danger to the officers or to the general public, and was otherwise fully complying with the officers' orders and,

d.    Any and all additional acts of gross negligence and/or willful and wanton misconduct as may become known through the course of discovery.

76.    As the direct and proximate results of Officer John Doe 1's above cited gross negligence and/or willful and wanton misconduct, Michael sustained severe and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

a.    Reasonable medical and hospital expenses;

b.    Conscious physical pain and suffering;

c.    Fright and shock;

d.    Denial of social pleasure and enjoyments;

e.    Embarrassment, humiliation or mortification;

f.    Loss of financial support;

d.    Loss of services;

e.    Wage loss past and future;

f.    Punitive damages; and

g.    Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in in excess of $75,000, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages.

### COUNT IX: STATE LAW CLAIMS-GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY-OFFICER JOHN DOE 2

77.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 76 as though fully set forth herein.

78.     Officer John Doe 2 owed Michael a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

79.     Officer John Doe 2 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael, and committed an assault and/or battery on Michael and thus breached the above duties in a number of ways, including but not limited to:

   a.     Inappropriate, excessive, and inexcusable use of force, via use of his hands, knees and use of a taser, for a "buy-bust" operation;

   b.     Failure to warn Michael of the use of force;

   c.     Failure to use other methods of detainment, arrest, and/or apprehension, short of force including, but not limited to allowing Michael to exit his car, while he had clearly shown his hands over his head, posed no immediate danger to the officers or to the general public, and was otherwise fully complying with the officers' orders and,

   d.     Any and all additional acts of gross negligence and/or willful and wanton misconduct as may become known through the course of discovery.

80.     As the direct and proximate results of Officer John Doe 2's above cited gross negligence and/or willful and wanton misconduct, Michael sustained severe and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

   a.     Reasonable medical and hospital expenses;

   b.     Conscious physical pain and suffering;

c.    Fright and shock;

d.    Denial of social pleasure and enjoyments;

e.    Embarrassment, humiliation or mortification;

f.    Loss of financial support;

d.    Loss of services;

e.    Wage loss past and future;

f.    Punitive damages; and

g.    Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in in excess of $75,000, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT X: STATE LAW CLAIMS-GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY-OFFICER JOHN DOE 3

81.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 as though fully set forth herein.

82.    Officer John Doe 3 owed Michael a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, illegal and unreasonable, excessive force.

83.    Officer John Doe 3 breached the above duties and was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Michael,

and committed an assault and/or battery on Michael and thus breached the above duties in a number of ways, including but not limited to:

   a.   Inappropriate, excessive, and inexcusable use of force, via use of his hands, knees and use of a taser, for a "buy-bust" operation;

   b.   Failure to warn Michael of the use of force;

   c.   Failure to use other methods of detainment, arrest, and/or apprehension, short of force including, but not limited to allowing Michael to exit his car, while he had clearly shown his hands over his head, posed no immediate danger to the officers or to the general public, and was otherwise fully complying with the officers' orders and,

   d.   Any and all additional acts of gross negligence and/or willful and wanton misconduct as may become known through the course of discovery.

   84.   As the direct and proximate results of Officer John Doe 3's above cited gross negligence and/or willful and wanton misconduct, Michael sustained severe and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

   a.   Reasonable medical and hospital expenses;

   b.   Conscious physical pain and suffering;

   c.   Fright and shock;

   d.   Denial of social pleasure and enjoyments;

   e.   Embarrassment, humiliation or mortification;

   f.   Loss of financial support;

   d.   Loss of services;

   e.   Wage loss past and future;

   f.   Punitive damages; and

   g.   Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in in excess of $75,000, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT XI FEDERAL LAW CLAIMS- FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, ILLEGAL CUSTOM AND/OR PRACTICES- CITY OF TAYLOR

85.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 84 as though fully set forth herein.

86.     Pursuant to 42 USC §1983, as well as the 4th, 8th, and/or 14th Amendment to the United States Constitution, City of Taylor owed Michael certain duties to properly hire, supervise, monitor and train Cates as well as its other police officers, so as not to use unnecessary, unreasonable, excessive and/or illegal force under the circumstances which existed on the date in question.

87.     City of Taylor breached its duties outlined above in that its policies, procedures, regulations, customs and/or lack of training exhibited a reckless indifference toward the general public and toward Michael specifically, in the following ways, including but not limited to:

a.      Failure to appoint or enforce a written policy and a selection process standard for police officers, including failure to officers with maturity, judgment and integrity;

b.      Negligent retention of individuals like Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3, whose character and personality pose a danger to the public in general and Michael in particular when conducting

24

a "buy-bust" operation;

c.    Negligent training, policy, and/or procedures resulting in the use of unnecessary, unreasonable, excessive and/or illegal force under the circumstances involved in this case;

d.    Negligent training or failure to train Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3 on the proper encounter of an unarmed, compliant individual like Michael;

e.    Negligent supervision or failure to supervise the standards, certifications appointment of Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3 as police officers involved in a "buy-bust" operation, assignment of Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3 to a "buy-bust" operation, lack of proper discipline of Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3, and all other incidents learned through the course of discovery;

g.    Negligent discipline or failure to discipline Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3 for their assault and battery of an unarmed man, Michael, to ensure that misbehaving officers exhibiting bad judgement in the use of force receive corrective training, which caused an atmosphere of lawlessness; and

h.    All other incidents learned through the course of discovery.

88.    As a direct and proximate result of Cates, Officer John Doe 1, Officer John Doe 2 and Officer John Doe 3's breaches of the above duties, Michael suffered severe and permanent physical and/or emotional injuries, including but not limited to:

a.      Reasonable medical and hospital expenses;

b.      Conscious physical pain and suffering;

c.      Fright and shock;

d.      Denial of social pleasure and enjoyments;

e.      Embarrassment, humiliation or mortification;

f.      Loss of financial support;

d.      Loss of services;

e.      Wage loss past and future;

f.      Punitive damages; and

g.      Any and all other damages learned through the course of discovery and recoverable under the law.

WHEREFORE, Plaintiff, Michael Michalski, respectfully requests this Honorable Court enter Judgement in her favor and against Defendants jointly and severally in an amount in excess of $75,000, plus costs, interest, attorney fees, as well as punitive and/or exemplary damages.

Respectfully submitted,

JOHNSON LAW, PLC

/s/ *S. Jay Ahmad*
S. JAY AHMAD (P43206)
VEN R. JOHNSON (P39219)
535 Griswold Street, Ste., 2632
Detroit, Michigan 48226
(313) 324-8300
(313) 324-8301- Fax
jahmad@venjohnsonlaw.com
Date: January 27, 2017            vjohnson@venjohnsonlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT SOUTHERN DIVISION**

MICHAEL MICHALSKI,

   Plaintiff,        Case No.
v.               Hon.


TROOPER SONSTROM, DETECTIVE CATES,
OFFICER JOHN DOE 1, OFFICER JOHN DOE 2,
OFFICER JOHN DOE 3, in their individual and
official capacities, and TAYLOR POLICE DEPARTMENT,
jointly and severally,

   Defendants.

---

S. JAY AHMAD (P43206)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC**
Attorneys for Plaintiffs
Buhl Building
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
(313) 324-8301-Fax
rfiliatraut@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com

---

**<u>DEMAND FOR JURY TRIAL</u>**

   NOW COMES Plaintiff, MICHAEL MICHALSKI, by and through his attorneys,

JOHNSON LAW, PLC, and hereby demands a trial by jury in the within cause of action.

         Respectfully submitted,

         JOHNSON LAW, PLC
         /s/ *S. Jay Ahmad*
         S. JAY AHMAD (P43206)
         VEN R. JOHNSON (P39219)
         535 Griswold Street, Ste., 2632
         Detroit, Michigan 48226
         (313) 324-8300
         (313) 324-8301- Fax
         jahmad@venjohnsonlaw.com
Date: January 27, 2017   vjohnson@venjohnsonlaw.com